No. 80-186

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

THE STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

GEORGE WARREN TROMBLEY,

Defendant and Appellant.

Appeal from: District Court of The Eighth Judicial District,
In and for the County of Cascade, The Honorable
Joel G. Roth, Judge presiding.

Counsel of Record:

For Appellant:

Marcia Birkenbuel, Public Defender, Great Falls,
Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
J. Fred Bourdeau, County Attorney, Great Falls, Montana

Submitted on Briefs: September 17, 1980

Decided: NOV 26 1980

Filed: NOV 26 1980

Thomas J. Kearney
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Defendant George Trombley appeals from the judgment of the Cascade County Eighth Judicial District Court, entered pursuant to a jury verdict finding defendant guilty of the theft of a truck belonging to Richard Show. Before trial, defendant moved the court to prohibit at trial prosecution reference to defendant's use of Show's credit cards at the time of defendant's arrest. In this motion, the defendant relied on our decision in State v. Just (1979), ____ Mont. ____, 602 P.2d 957, 36 St.Rep. 1649. Defendant believed that reference to defendant's use of Show's credit cards amounted to the use of "other crimes" evidence by the prosecution. Defendant contended that the prosecution failed to comply with the notice requirements mandated by Just for the use of this evidence. Defendant's motion was denied by the District Court.

The sole issue presented to this Court by defendant is whether the District Court erred by denying defendant's motion. We find the District Court properly denied defendant's motion.

Evidence of defendant's possession and use of Show's credit here is not "other crimes" evidence. Defendant was accused of committing the theft of Show's truck. At the time the truck was stolen, Show stored his wallet and credit cards in the truck. When the truck was stolen, the wallet and cards were stolen as well. Defendant was apprehended and the truck was confiscated shortly after defendant used one of the cards at a Great Falls service station. This evidence of defendant's possession and use of the card is inseparably related to the truck theft. It is evidence of defendant's conduct simultaneous with the acts alleged to

-2-

constitute truck theft, not evidence of former crimes or former wrongful activity. Although this evidence indicates misconduct on the part of the defendant, the introduction of this evidence neither subjects defendant to unfair surprise nor to the defense of unrelated issues. For this reason Wigmore classifies this type of evidence separate from evidence of "other crimes". Wigmore Evidence §218.

In State v. Jackson (1979), ___Mont.___, 589 P.2d 1009, 36 St.Rep. 169, defendant was accused of the theft of personal property belonging to Sheila and Donald Jeszenka. The defendant was charged with theft of only the Jeszenka's stereo equipment and Ms. Jeszenka's coat, although additional property taken from the Jeszenkas was found in defendant's possession. In order to prove their theft accusation, the prosecution presented as evidence that this other property allegedly taken from the Jeszenkas during the theft was found in defendant's possession. Defendant objected to the introduction of the evidence, labeling it inadmissible "other crimes" evidence. In our opinion affirming the District Court's admission of this evidence, we recognized the distinction between "other crimes" evidence and evidence of defendant's simultaneous misconduct inseparably related to the alleged criminal act.

> "We recognize the general rule that when a defendant is put on trial for one offense, he should be convicted, if at all, by evidence which shows that he is guilty of that offense alone. Evidence which in any manner shows, or tends to show, he has committed another crime wholly independent, even though it is a crime of the same sort, is irrelevant and inadmissible, subject to exceptions not pertinent here. (Citation omitted.)
>
> ". . .
>
> "In this case, the prosecution did not introduce evidence of other 'unrelated' or 'wholly independent' crimes. The prosecution only sought to prove that defendant was

exercising unauthorized control over various items, all of which belonged to Sheila and Donald Jeszenka. Defendant's possession of . . . (this other property) was inextricably related to the property referred to in the charging information. We are not, therefore, involved with the introduction of evidence of wholly independent or unrelated crimes. The evidence was properly admitted."

The prosecution here is not required to meet the Just requirements for the introduction of "other crimes" evidence because evidence of defendant's possession and use of the cards is not "wholly independent" or "unrelated" other crimes evidence.

Accordingly, the judgment of the District Court is affirmed.

_John C. Sheehy_  
Justice

We Concur:

_Frank I. Haswell_  
Chief Justice

_John Conway Harrison_

_Daniel J. Shea_

_Gene B. Daly_  
Justice