No. 81-435

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

STATE OF MONTANA,

Plaintiff and Respondent,

vs.

JAMES E. GRAY,

Defendant and Appellant.

Appeal from:   District Court of the Fourth Judicial District,
In and for the County of Ravalli
Honorable James B. Wheelis, Judge presiding.

Counsel of Record:

For Appellant:

John E. Riddiough, Missoula, Montana
Timothy D. Geiszler, Missoula, Montana

For Respondent:

Honorable Mike Greely, Attorney General, Helena, Montana
Robert B. Brown, County Attorney, Hamilton, Montana

Submitted on briefs: February 4, 1982

Decided: April 5, 1982

Filed: **APR - 5 1982**

Thomas J. Kasney
Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Defendant James E. Gray (Gray) was found guilty of criminal mischief with the purpose to defraud an insurer by a jury in the Fourth Judicial District of Montana, Ravalli County. Gray appeals his conviction. We remand for a new trial.

Gray raised several issues on appeal. The following issue is determinative:

Whether it was an error for the District Court to admit evidence of the second incident of criminal mischief.

On August 28, 1980, Gray reported that while driving his 1980 Chevrolet pickup truck east on the Skalkaho Road, he was involved in an accident. In his report to the High-way Patrol, he indicated that he was crowded off the road by a westbound vehicle pulling a horse trailer. He reported that his vehicle went down the embankment and that he stayed in the vehicle and then climbed back up to the road.

Steven Forsman and Lela Gray, daughter of the defendant, followed him along the Skalkaho Road in a separate vehicle. During the trial, Forsman testified that he was aware of Gray's plan to damage the vehicle, that Gray turned the vehicle toward the edge of the road and then jumped out at the top of the embankment and that then Forsman and Gray walked down the embankment to observe the damage. When they returned to the road, they encountered two loggers who contacted the police. Forsman testified that while he was driving Gray back to Hamilton, Gray told him to tell the police that a brown flatbed pulling a horse trailer was coming down the road and forced him off the road. Forsman testified that the horse trailer story was fictitious and

-2-

that there had been no vehicle which had forced the truck driven by Gray off the road.

Following the accident, Gray placed a claim with his insurance company for insurance benefits resulting from the accident.

After its examination of the truck following its going over the embankment, the insurance company concluded that the truck properly could be repaired. The truck then was taken to a Hamilton auto shop for repair. On September 2, while the truck was at the auto shop, Terry Atkins beat on the truck with a crowbar and slashed the seats and caused other damage, as a result of which the truck was nonrepairable or "totaled." Initially, Terry Atkins in a written statement taken by the Ravalli County Sheriff's Department, indicated that he had vandalized at the instruction of Gray on September 2, 1980, five days after the original damage. That evidence was presented to the jury. During the trial, Atkins testified that he decided to vandalize the truck on his own in order to get even with the repair shop which had done unsatisfactory work for him.

The information shows that Gray was charged with criminal mischief in the following wording:

> "On or about the  28th  day of  August ,
> 1980, in Ravalli County, Montana, the
> Defendant,  James E. Gray , purposely or
> knowingly damaged or destroyed property,
> to-wit:  1980 Chevrolet pickup truck, with
> the purpose to defraud an insurer, by driving
> the vehicle over an embankment, causing
> damage in excess of $150.00,. . ."

Gray argues that it was improper to allow evidence concerning the vandalism of the truck because the State did not give notice requirements as required in State v. Just (1979), _____ Mont. _____, 602 P.2d 957, 36 St.Rep. 1649. The

-3-

Information and Affidavit for Leave to File Information made no reference to any act of criminal mischief other than the incident on August 28, 1980. Gray argues that the vandalism of the truck on September 2, 1980, is "other crimes" evidence because it was an act separate and apart from the alleged act of criminal mischief charged in the information, that the State failed to give him notice, and that the court failed to admonish and instruct the jury as required by Just.

The State contends that it is not other crimes evidence, but part of the continuing transaction of criminal mischief so meeting the requirements in Just is not necessary.

In State v. Trombley (1980), ____ Mont. ____, 620 P.2d 367, 37 St.Rep. 1871, the defendant stole a truck. In proving that he stole the truck, the State brought forth evidence that he tried to use credit cards of the truck owner that were in the truck at the time of the theft. This Court in allowing evidence of the credit cards without the procedures in Just being followed stated: "In our opinion affirming the District Court's admission of this evidence, we recognized the distinction between 'other crimes' evidence and evidence of defendant's simultaneous misconduct inseparably related to the alleged criminal act." Trombley, 620 P.2d at 368, 37 St.Rep. at 1872.

Gray attempted to damage or destroy the truck for the purpose of defrauding the insurer when he drove the truck off of the road on August 28, 1980. After the truck was returned to town and it was determined that Gray had been unsuccessful in "totaling" the truck, a second incident of criminal mischief occurred on September 2, 1980, five days later. Because of the gap in time, the September 2 conduct is not "simultaneous misconduct inseparably related to the

-4-

alleged criminal act" of August 28, as required by Trombley to exempt it from the requirements of Just. We therefore conclude that the evidence of September 2 conduct is "other crimes" evidence.

We must then determine whether the September 2 evidence was properly admitted in that context.

Just established a four element test to determine the admissibility of evidence of other crimes or acts in criminal prosecutions. The four elements are:

(1)   similarity of crimes or acts;

(2)   nearness in time;

(3)   tendency to establish a common scheme, plan or system; and

(4)   the probative value of the evidence is not substantially outweighed by the prejudice to the defendant. Just, 602 P.2d at 961, 36 St.Rep. at 1653.

Both acts of criminal mischief were directed against the same motor vehicle. The two incidents occurred within five days of each other; the purpose of both incidents was to damage or destroy the truck for the purpose of defrauding an insurer; and any prejudice to the defendant is not outweighed by the probative value of the evidence. The evidence of the vandalism incident is the type of "other crimes" evidence which is admissible.

Having concluded that the evidence can properly be admitted as "other crimes" evidence, we must determine if the procedural requirements of Just have been followed. "Failure to adhere to the procedural mandates of Just constitutes error." State v. Case (1980), ____ Mont. ____, 621 P.2d 1066, 1071, 37 St.Rep. 2057, 2063.

First the State must provide written notice to the defendant, before the case is called to trial, that the

-5-

evidence is to be produced. Notice must include a statement of the purpose for which the evidence is to be presented. Case, 620 P.2d at 1071, 37 St.Rep. at 2063; Just, 602 P.2d at 963-964, 36 St.Rep. at 1657-1658. Here, the defendant received no notice.

Next the trial court must, at the time the evidence is introduced, explain to the jury the purpose of the evidence and admonish the jury to weigh the evidence only for those purposes. Case, 621 P.2d at 1071, 37 St.Rep. at 2063; Just, 602 P.2d at 964, 36 St.Rep. at 1658. The District Court did not so instruct the jury.

The final step requires that in its final charge that the court should instruct the jury in unequivocal terms "that such evidence was received only for the limited purposes earlier stated and that the defendant is not being tried and may not be convicted for any offense except that charged, warning them that to convict for other offenses may result in unjust double punishment." Just, 602 P.2d at 964, 36 St.Rep. at 1658. The District Court did not so instruct the jury in the final charge.

Failure to provide necessary procedural safeguards prejudiced the defendant. "This failure, of itself dictates reversal." Case, 621 at 1072, 37 St.Rep. at 2063. Because the procedural safeguards set forth in Just were not followed and this Court cannot determine the extent to which the defendant was prejudiced, the defendant must be given a new trial.

The judgment of the District Court is reversed and the case is remanded for a new trial.

Justice

-6-

We Concur:

_John Conway Harrison_

_Daniel J. Shea_

_Frank B. Morrison_

_John C. Sheehy_
Justices