No. 86-407

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

_____

STATE OF MONTANA,

        Plaintiff and Respondent,

  -vs-

BONNIE JEAN HOWELL,

        Defendant and Appellant.

_____

APPEAL FROM: District Court of the Eleventh Judicial District,
In and for the County of Flathead,
The Honorable Michael Keedy, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Gary G. Doran, Kalispell, Montana

    For Respondent:

        Hon. Mike Greely, Attorney General, Helena, Montana
        Dorothy McCarter, Asst. Atty. General, Helena
        Ted O. Lympus, County Attorney, Kalispell, Montana
        Dennis J. Hester, Deputy County Attorney, Kalispell

_____

Submitted: December 31, 1986

Decided: March 18, 1987

Filed: MAR 1 8 1987

_____
           Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

Appellant, Bonnie Jean Howell, appeals from a conviction in the District Court of the Eleventh Judicial District Court of Flathead County of one count of felony theft and two counts of misdemeanor theft.

We reverse and remand.

The decisive issue raised on appeal is whether the District Court erred when it allowed evidence of another alleged crime after it granted defendant's motion in limine to exclude such evidence.

The defendant, Bonnie Jean Howell was charged with one count of felony theft and two counts of misdemeanor theft. The felony theft involved five pieces of jewelry taken from the home of Gary and Martha Purdy. One misdemeanor theft involved a lavender sweater taken from the home of Virginia Searight; the other, a brooch taken from the home of Deanna Irriger.

Mrs. Howell was employed as a housekeeper in all three homes. The initial complaint concerning the thefts arose from the Purdys who opened a package, which the defendant had delivered to their UPS shipping center, hoping to find the missing jewelry. The package contained the Christmas tree brooch and the sweater which were the subject of the misdemeanor counts, but not the missing jewelry. The package contained other items, but defendant was only charged with stealing the sweater and the Christmas tree brooch. The record does not disclose why the defendant sent the package through the Purdy's shipping service, nor why there was no objection made to the Purdys opening it. Mrs. Purdy testified that the package was opened by her husband who

believed that the missing jewelry would be found. The jewelry was not in the package, nor was it found when the police searched the defendant's home.

Prior to trial, but after jury selection, the defendant filed a motion in limine to exclude evidence of other alleged crimes or wrongful acts not specifically charged in the information. The court granted the motion because the defendant was not notified of the State's intention to introduce such evidence. At the close of the State's case the defendant moved to dismiss the felony charge for lack of sufficiency of the evidence. That motion was denied. The defendant was found guilty of all three charges. She appeals.

Did the court err when it allowed the introduction of evidence of another alleged wrongdoing contrary to its order on defendant's motion in limine to exclude that evidence? We hold that it did err.

Rule 404(b), M.R.Evid. states:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Rule 403, M.R.Evid. states that otherwise relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury,. . ."

As we said in State v. Stroud (1984), 683 P.2d 459, 41 St.Rep. 919, the substantive and procedural requirements for admitting evidence of other crimes or wrongs have been well established in Montana. "The four substantive requirements are (1) similarity between the crime charged and the

previous crimes, wrongs or acts; (2) nearness in time between the charged crime and the previous crimes, wrongs or acts; (3) tendency to establish a common scheme, plan or system; and (4) determination that the probative value of the evidence is not substantially outweighed by the prejudice to the defendant . .. In addition, three procedural guidelines must be followed: (1) notice to the defendant prior to trial that evidence of other crimes, wrongs or acts will be introduced; (2) an admonition by the judge to the jury when the evidence is introduced that it is admitted solely for one or more of the accepted purposes stated in Rule 404(b); and (3) a cautionary jury instruction to the same effect, providing in unequivocal terms that the evidence is admitted for the purpose earlier stated and not to try and convict the defendant for prior wrongful conduct." 683 P.2d at 465 citing State v. Jensen (1969), 153 Mont. 233, 239, 455 P.2d 631, 634; State v. Just (1979), 184 Mont. 262, 274, 602 P.2d 957, 963-64.

Prior to trial the state must provide written notice to the defendant that the evidence of "other crimes" is to be produced. Notice must include a statement of the purpose for which the evidence is to be presented. State v. Gray (1982), 197 Mont. 348, 352, 643 P.2d 233, 236; State v. Case (Mont. 1980), 621 P.2d 1066, 1071, 37 St.Rep. 2057, 2063.

The defendant was not notified of the State's intention to introduce evidence of other crimes committed by the defendant. With Just as its authority the District Court properly granted defendant's motion in limine to exclude all "evidence items allegedly taken by the defendant which are not specifically named in the informations . . ." under which defendant Howell is charged.

Two items, a lavender sweater and a Christmas tree brooch, which are the basis of the misdemeanor charges, were

found in a UPS package sent by the defendant. The package contained other items which had no connection with the present charges. During trial, in spite of its ruling, the court allowed the UPS package and it's entire contents into evidence. The jury was admonished by the court on several occasions during the course of the trial regarding how to view this evidence of other wrongful acts.

The State argues that the admission of these items was proper under Montana's transaction rule, and that everything leading up to, including and following the event are included in the scope of the transaction. The State also argues that the items not mentioned on the charging documents are part of the res gestae, or inextricably or inseparably linked with the crime charged as part of the corpus delicti and can therefore be properly admitted into evidence. State v. Riley (1982), 199 Mont. 413, 425-426, 649 P.2d 1273, 1279. Given that the other items in the UPS package are part of the res gestae and transaction, the State contends that the requirements of Just do not apply.

We disagree. The introduction of items contained in a package along with items which are allegedly stolen does not fall under prior wrongful acts inextricably or inseparably linked with the crime charged. The evidence falls under acts which are wholly independent of the crime charged and the Jenson-Just rule does apply.

As the State argues, the jury was entitled to know the conditions under which the lavender sweater and Christmas tree brooch were found. The fact that they were found in a package being shipped by the defendant may tend to prove the elements of a crime, but there is no logical reason why it was necessary to introduce all of the items in the package. Introduction of the package alone adequately established the condition under which the items were discovered.

Introduction of the other items confused the jury and was therefore prejudicial to the defendant. The record shows that admonitions to the jury by the judge along with a cautionary jury instruction was not sufficient to overcome this prejudice. In addition to the introduction of the other items in the UPS package, testimony by three of the State's witnesses alluded to items not mentioned on the information which may have been stolen or missing. The confusion of the jury is evidenced by the following courtroom conversation:

> The Court: Members of the jury, how are you doing, do you feel alright? Okay, your next witness. Was there a head that shook no? Is there anyone here that would like a recess?

> Juror A: No, I thought there were three items that were pertinent and you mentioned only two. Did you mention something pink that was--

> The Court: Well, let me back up and with the consent of counsel reiterate what I said earlier, that the Information charging Misdemeanor Theft in this case charged the Defendant, Mrs. Howell, with having taken a lavender sweater and a brooch, or item of jewelry that is shaped like a Christmas tree.

> Juror A: I thought it was a pink top.

> The Court: Well, there were a lot of other things in there.

> Juror A: I thought earlier it was a pink top that was mentioned as one of these items.

> Mr. Doran: I would ask for a brief conference out of the presence of the jury.

> Juror B: I have some four to eleven items there and they have, I think, jurisdiction on two--, is that right?

> The Court: I don't understand your question but I will do my very best to clarify it.

Juror B: Well, we have these two items that was in the package and--

Juror C: All of this was in that package--

The Court: Sir, give me a chance to explain-- we are going to take a recess and we will be in recess subject to the Court's call.

The <u>Just</u> requirements are crucial in protecting a defendant's due process rights. In this case the defendant was prejudiced. She relied upon the court's ruling with regard to her motion in limine and was unprepared to defend the introduction of evidence of other wrongful acts. The District Court committed error, under it's order, in allowing evidence as to the other items in the UPS box to be presented to the jury. This was not harmless error.

> The federal constitutional test of harmless error is whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction.

State v. Roberts (Mont. 1981), 633 P.2d 1214, 1218, 38 St.Rep. 1551, 1555 citing Fahy v. Connecticut (1963), 375 U.S. 85, 84 S.Ct. 229, 11 L.Ed.2d 171.

In this case, the District Court's failure to adhere to its own ruling was an abuse of its discretion and in error. The error was prejudicial and harmful to the defendant.

We reverse and remand.

_____
Justice

We Concur:

_____
Chief Justice

_____

- 7 -

_____

_____

_____

_____
Justices