**STATE of Utah, Plaintiff and Appellee,**

v.

**Joseph P. ROCCO, Defendant and Appellant.**

**No. 19559.**

Supreme Court of Utah.

March 23, 1990.

Martin V. Gravis, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Sandra L. Sjogren, Salt Lake City, for plaintiff and appellee.

HOWE, Associate Chief Justice:

Defendant Joseph P. Rocco appeals from a jury conviction of first degree murder for the death by arson of David Stewart in violation of Utah Code Ann § 76–5–202(1)(d). He was sentenced to life imprisonment in the Utah State Prison.

Defendant and David Hansen burglarized Stewart's home in Riverdale, Utah, on the night of February 1, 1983. The house was set on fire before they left, and Stewart, who was bound with electrical wire and left in the house, was burned beyond recognition. There was evidence that he died of extensive thermal burns or a combination of those burns and carbon monoxide inhalation. Later that same night, the two men burglarized the home of Neil Shock. They bound Shock loosely with an electrical cord after striking him several times. They took his automobile, microwave, and other items from the house before setting it on fire. Shock escaped from the fire and summoned help from a neighbor who called the fire department. Defendant and Hansen took Shock's car to the Pineview Dam, where they set the car on fire.

Defendant gave a written statement to police that Hansen was solely responsible for starting the fire that killed Stewart. There was no direct evidence other than defendant's statement as to who started the fire at the Stewart house.

■ In assailing his conviction, defendant first contends that the trial court committed error in admitting into evidence State's exhibits J and K, which were color photographs of parts of Stewart's charred body as it was being placed in a body bag. The fire had consumed portions of body flesh, and exhibit J showed a small amount of exposed internal organs. Defendant argues that both photographs are gruesome and their prejudicial effect outweighed any probative value. Utah R. Evid. 45 (in effect at the time of trial (now rule 403). However, his trial counsel made no objection to exhibit K, agreeing with the prosecutor that the photograph was relevant to show the wire which had been wrapped just above Stewart's ankle on one leg. He did object, however, to exhibit J, which he stated did not "show any wire," was not probative, and was prejudicial. The State conceded on oral argument before this court that it was error under *State v. Cloud*, 722 P.2d 750 (Utah 1986), and *State v. Poe*, 21 Utah 2d 113, 441 P.2d 512 (1968), to have admitted exhibit J. However, the State

argues that the error was not prejudicial since the evidence of Rocco's guilt of first degree murder was overwhelming. We have closely examined the two exhibits and have concluded that exhibit J is only slightly more gruesome than exhibit K and that since exhibit K was not objected to, there could be no prejudicial error in the admission of exhibit J.

■ More serious is defendant's complaint that there was misconduct in the prosecutor's rebuttal argument to the jury when he apparently displayed a photograph of Stewart taken when he was alive and well and contrasted it with one of the photographs taken of Stewart's corpse. We recently pointed out in *State v. Lafferty*, 749 P.2d 1239, 1258 (Utah 1988), that "several courts have recognized that the probative value of a photograph showing a homicide victim's appearance before the crime was committed is often weak," citing *Ritchie v. State*, 632 P.2d 1244, 1246 (Okla. Crim.App.1981); *People v. Ramos*, 30 Cal.3d 553, 577–78, 639 P.2d 908, 921–22, 180 Cal.Rptr. 266, 279–80 (1982), *rev'd on other grounds*, 463 U.S. 992, 103 S.Ct. 3446, 77 L.Ed.2d 1171 (1983). Defendant argues that the displaying of the contrasting photographs had no purpose other than to inflame the jury against him and that without that comparison, the jury might well have found him guilty of second, rather than first, degree murder. The State concedes that the prosecutor was overzealous in his argument but argues that any error in this regard was not prejudicial because of the existence of overwhelming evidence of defendant's guilt.

It was only after the jury returned its verdict of guilty of first degree murder that defense counsel raised any objection to the use of the contrasting photographs. He raised the objection in support of a motion for a new trial. Had defendant timely objected, the trial court would have had the opportunity to stop the prosecutor and admonish the jury to disregard the attempted comparison. But defendant did not then object. In view of the untimeliness of defense counsel's later objection and the fact that we are constrained by

rule 30(a) of the Utah Rules of Criminal Procedure from reversing a conviction because of an error which does not affect the substantial rights of the parties, we do not find that there are sufficient grounds here for reversing the verdict. "[W]e will not reverse a conviction unless the error is substantial and prejudicial in the sense that there is a reasonable likelihood that in its absence there would have been a more favorable result for the defendant." *State v. Johnson*, 771 P.2d 1071, 1073 (Utah 1989) (footnote omitted).

■ Defendant next contends that the trial court erred in admitting evidence of prior and subsequent bad acts of the defendant which had the effect of disgracing him and implying that he had a propensity to commit crime. The first such incident occurred in the prosecutor's opening statement to the jury in which he stated that before they went to the Stewart house, defendant and David Hansen kicked in the door of the Billy Goodwin residence in nearby Roy, Utah, when they discovered no one was home. The prosecutor accused the two men of taking guns, money, and other property before they left to go to the Stewart house in Riverdale. Defense counsel timely objected to the reference to the prior activity of the two men, but the court overruled the objection. At the outset of his opening statement, the prosecutor stated that what he and defense counsel might say in their opening statements would not constitute evidence. "They aren't the things that you can consider on making a decision. I want you to consider that throughout." In the ensuing trial, no evidence was presented nor any further reference made concerning the Goodwin burglary.

The second alleged reference at trial to defendant's prior bad acts occurred in the testimony of Officer Terry Carpenter. He had participated in the arrest of defendant, and Carpenter testified that as he and other officers were taking defendant to the police station for questioning, defendant told them about a burglary that had occurred at Nordic Valley and Snow Basin Ski Resorts. Defense counsel interposed

an objection, and the matter was not pursued further by the prosecutor.

We find no reversible error in either of the two situations. The Goodwin burglary was mentioned only once. The prosecutor said that nothing in his opening statement was to be considered as evidence. The burglary was not thereafter mentioned, and no evidence was presented at trial concerning it. *Cf. State v. Holder*, 694 P.2d 583 (Utah 1984). Moreover, the burglary was different from and pales in comparison to the crime charged. As to the second incident, while it was improper for the officer to mention the burglaries at Nordic Valley and Snow Basin, he did not say that defendant had committed these crimes or had confessed to their commission. He said only that defendant stated that he knew something about them. The jury could well have inferred only that defendant had information about these crimes that he was willing to share with the officers. The statement did not necessarily lead to a conclusion that defendant committed the crimes. In any event, we cannot say that in the absence of the two references, it is reasonably likely that the jury's verdict would have been different. *See State v. Johnson*, 771 P.2d at 1073.

■ Defendant next assails the trial court's admission of evidence that after the two men set fire to the Stewart house, they left and entered the house of Shock, bound him with electrical wire, set his house on fire, and left with his automobile, which they subsequently set on fire at nearby Pineview Dam. We find no reversible error. That evidence was admissible under former rule 55, Utah Rules of Evidence, which was in effect at the time of trial. (That rule is now 404(b).) Rule 55 permitted the admission of other bad acts "to prove some other material fact including absence of mistake or accident, motive, opportunity, intent, preparation, plan, knowledge or identity." The rule was, however, subject to former rule 45 (now rule 403), which gave the court discretionary power to exclude otherwise probative evidence when its prejudicial effect substantially outweighs its probative value. The inci-

dents at the Stewart home and the Shock home occurred in close succession. They were part of a crime spree on the same night. The forced entry into the two homes and the binding of the two victims with electrical wire was similar, and the prosecution contended that both fires were started and spread by the use of gasoline. We believe that under these circumstances, the nexus between the two arsons was close enough that the admission of the events at the Shock house was proper under rule 55 as reflective of the absence of mistake or accident, motive, opportunity, intent, preparation, plan, knowledge, or identity. *See State v. Johnson,* 784 P.2d 1135, 1141 (Utah 1989) (a phone call made prior to a crime was "relevant to prove defendant's intent" and "was the beginning of a string of events all closely related in time"). We find no abuse of discretion by the trial court in concluding that the probative value of the evidence outweighed any prejudice to defendant, and the burning of Shock's car was admissible as circumstantial evidence of consciousness of guilt. *See State v. Garcia,* 663 P.2d 60, 65 (Utah 1983) (citing *McCormick's Handbook of the Law of Evidence* § 271 (2d ed. 1972)).

█ Last, defendant complains that if the trial court did not commit error in admitting evidence of defendant's other bad acts, he was entitled to a ruling restricting the admissibility of such evidence for a limited purpose consistent with the provisions of Utah Rule of Evidence 404. Defense counsel requested in writing in its motions in limine that if and when such evidence were admitted, the court state to the jury the scope and purpose of such evidence. Defendant urges us to adopt the practice of Montana courts as mandated by the supreme court of that state in *State v. Gray,* 197 Mont. 348, 643 P.2d 233 (1982), and *State v. Just,* 184 Mont. 262, 602 P.2d 957 (1979). Those cases require, among other things, that at the time evidence of "other crimes" is admitted, the trial court explain to the jury the purposes of such evidence and admonish the jury to weigh the evidence only for those purposes. In addition, the trial court must instruct the jury in its final charge that such evidence

was received only for the limited purposes earlier stated and that the defendant is not being tried and may not be convicted for any offense except the charge before the court and warn the jury that convicting for other offenses may result in unjust double punishment.

We decline to adopt that rigid procedure. In *State v. Valdez,* 19 Utah 2d 426, 432 P.2d 53 (1967), we assumed for the purposes of that appeal that the defendant was entitled to an instruction cautioning the jury to consider evidence of a prior crime only to show his motive for committing the crime for which he was being tried. Later, in *State v. Smith,* 700 P.2d 1106, 1110 (Utah 1985), we held that the defendant was entitled to a cautionary instruction if requested. However, we held in *State v. Valdez* that because the defendant had made no request for any such limiting jury instruction, he had waived any right to complain. Similarly, in the instant case, defendant made no request for a limiting jury instruction. He seeks to excuse his omission on the ground that the trial court had failed throughout the proceedings to restrict and limit the purpose and scope of such other crime evidence despite defendant's initial motions in limine and repeated objections by defense counsel to the admission of such evidence. We conclude that defendant cannot be excused from requesting an appropriate jury instruction because he deemed it futile in view of prior rulings of the court. His failure to do so constitutes waiver.

Defendant's conviction and sentence are affirmed.

HALL, C.J., and STEWART, DURHAM and ZIMMERMAN, JJ., concur.