No.    92-091

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

STATE OF MONTANA.

Plaintiff and Appellant,

-vs-

LARRY MOORE,

Defendant and Respondent.

FILED

AUG 20 1992

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Larry W. Moran, Judge presiding.


COUNSEL OF RECORD:

For Appellant:

Hon. Marc Racicot, Attorney General, Helena, Montana
Cregg W. Coughlin, Assistant Attorney General,
Helena, Montana
Mike Salvagni, Gallatin County Attorney, Bozeman,
Montana
Mark Murphy, Special Deputy Gallatin County
Attorney, Helena, Montana
Robert Brown, Assistant Attorney General, Bozeman,
Montana


For Respondent:

Larry Jent, Williams, Jent & Dockins, Bozeman,
Montana
James H. Goetz and Brian Gallik, Goetz, Madden &
Dunn, Bozeman, Montana

Submitted on Briefs:    August 6, 1992

Decided:    August 20, 1992

Filed:

Clerk

Justice R. C. McDonough delivered the Opinion of the Court.

This is an appeal by the State of Montana from an order granting a motion in limine in the Eighteenth Judicial District, Gallatin County. We reverse.

The issues for review are:

1. Whether the District Court abused its discretion when it suppressed evidence relating to the actions of the defendant after the alleged shooting of Bradford Brisbin.

2. Whether the District Court abused its discretion when it suppressed evidence of all testimony from the defendant's wife.

3. Whether the District Court abused its discretion when it suppressed evidence of the witness Hoffman.

On December 17, 1990, defendant Larry Moore was charged by an information with Count I, deliberate homicide in the death of Bradford Brisbin (Brisbin), in violation of § 45-5-102(1)(a), MCA. Defendant was also charged in Counts II and III of the information with tampering with or fabricating physical evidence, in violation of §§ 45-7-206(1)(a), and 45-7-207(1)(b), MCA, respectively. On September 30, 1991, pursuant to a motion by the defendant, the District Court, on the grounds of prejudice, granted the defendant's motion to severe Counts II and III, tampering with or fabricating physical evidence, from the deliberate homicide charge. This order was not appealed.

In our subsequent discussion relative to the offers of proof and rulings of the District Court, we only consider the principle

2

of evidence and whether the offered evidence generally comes within such principle. We do not, and we cannot, make a definitive decision as to the admissibility of particular pieces of evidence. At this stage we have no way of ascertaining if compliance with other rules of evidence, such as having a proper foundation, relevancy, opinion, hearsay, authenticism, etc., has been met. Only some of the facts pertaining to each issue will be more fully developed as each issue is discussed. The State's appeal is timely.

I

Whether the District Court abused its discretion when it suppressed evidence relating to the actions of the defendant after the shooting of Brisbin.

On the morning of November 9, 1990, Brisbin received a telephone call from the defendant. Defendant told Brisbin he had sold his pickup and camper and needed a ride back to West Yellowstone from Belgrade. Brisbin then drove his pickup to Bairs Truck Stop in Belgrade and met the defendant. From there on the stories vary, one version being that Brisbin left the truck stop restaurant to go to the restroom, did not return, and disappeared. Neither he nor his body have yet been found. The State's case is based on circumstantial evidence.

The State proposed that certain evidence be admitted at trial which is evidence of defendant's consciousness of guilt and is part of the res gestae or corpus delicti of the crime charged. In the offer of proof, supported by affidavits, the State offered the

3

following: Officer Brown saw the defendant in his camper on the evening of Brisbin's disappearance. When Moore saw Officer Brown, he turned out the lights in the camper in an attempt not to be seen. A couple days later Officers Brown and Pronovost approached Moore who was working on the camper which was then attached to his pickup and parked in front of the West Gate Enterprise Machine Shop, a business owned by the defendant. Moore was using a tar like substance, which he told the officers he was using to patch water leaks in the camper. The above evidence was excluded.

Other proffered evidence was that Moore purchased the camper from Dave Barstead in the spring or summer of 1990 and Barstead claims that the floor of the camper was covered by brown carpet at the time of sale. Moore's employee, Norman Hanna, who installed the camper on Moore's pickup, claimed that there was a brown carpet covering the camper floor during its installation. There was no brown carpet in the camper after the alleged crime. The court excluded this evidence. Later a 12-volt automobile battery was found inside the camper. The caps to the battery had been removed and battery acid spilled on the floor. This evidence was excluded.

Other excluded evidence is that when Officer Pearson, looking for the camper, found it next to the Jack residence in southern Madison County, the camper had been taken off the truck. Officer Pearson also noticed fresh footprints leading to the camper.

Further, Officer Christie also found three bullet holes inside Moore's camper that had been covered with tar. A piece of paneling

4

had also been cut out of the camper and replaced with other paneling which did not match the original paneling. This evidence was excluded. Officer Christie also found a bullet under the floor of the camper. A reddish substance was on the bullet, which the State Crime Laboratory determined was blood.

Samples of the camper floor containing the reddish liquid were analyzed by the State Crime Lab and were found to be consistent with sulfuric acid, the acid contained in car batteries. This evidence was excluded, as was other similar evidence.

In essence the evidence offered was in support of the State's position that defendant cleaned blood from the camper, discarded bullets and carpet, covered and repaired bullet holes, spilled battery acid and inferring therefrom that the battery acid was used to cover or clean some material. The defendant argues that the admission of this evidence which also tends to prove elements of the crime of tampering or fabrication, amounts to the admission of evidence of another crime. Applying subdivision (4) of the Just Rule, it would be prejudicial to admit this evidence relative to the proof of the crime of deliberate homicide. See State v. Just (1979), 184 Mont. 262, 602 P.2d 957.

The District Court opined that the ruling of prejudice as the reason for separating the charges on September 30, 1991, had the effect of also rendering this evidence inadmissible on the charge of deliberate homicide because of its potential of prejudice. The State's position is, however, that the evidence is admissible under

Montana law as evidence of Moore's consciousness of guilt and as part of the res gestae or corpus delicti of the crime charged.

It should be first noted that the admissibility test and the procedural requirements of State v. Just (1979), 184 Mont. 262, 602 P.2d 957, do not apply to evidence establishing consciousness of guilt regarding the crime with which the defendant is charged. See State v. Baker (1989), 237 Mont. 140, 773 P.2d 1194; State v. Shaw (1982), 199 Mont. 248, 648 P.2d 287; State v. Trombley (1980), 190 Mont. 218, 620 P.2d 367. We have said numerous times that testimony showing or tending to show flight or concealment by the defendant may be taken into consideration by a jury in determining whether the defendant is guilty of the offense charged. For example see State v. Paisley (1907), 36 Mont. 237, 92 P. 566. Flight or concealment may be considered by the jury as a circumstance tending to prove the consciousness of guilt. State v. Walker (1966), 148 Mont. 216, 419 P.2d 300.

In the case of State v. Armstrong (1980), 189 Mont. 407, 616 P.2d 341, we stated:

> [E]vidence tended to show the destruction or suppression of evidence by Armstrong and tended to show his guilt and was therefore relevant and clearly admissible. If evidence tends to prove the commission of the crime charged it is not rendered inadmissible because it also tends to prove the commission of another crime. The test is whether the evidence is relevant as tending to prove any facts material to an issue in a cause before the court. State v. Cesar (1925), 72 Mont. 252, 255, 231 P. 1109.

The evidence is relevant because it tends to show consciousness of guilt and therefore tends to prove the commission of the crime

charged and the defendant's responsibility for it. Rule 404(b), M.R.Evid., as to other crimes, does not apply.

The alleged acts of the defendant occurring after the alleged crime was committed are also inseparably related to the alleged criminal act, as part of the res gestae or corpus delicti of the crime, and therefore are not subject to the restriction of "other crimes" evidence. The acts subsequent to the crime to be introduced here tend to prove the circumstance of the defendant's intent and the element of "knowingly" and therefore are intertwined with the evidence of the proof of the crime itself. As stated by the case of Cruz v. State, 645 S.W.2d 498 (Tex.Ct.App. 1982), admissibility is predicated on the jury's right to hear what transgressed immediately prior and subsequent to the commission of the offense charged, so that they may evaluate the evidence in the context in which the criminal act occurred. Acts of a defendant subsequent to the alleged commission of the crime, and intertwined therewith, are highly probative.

We therefore conclude that the District Court abused its discretion in excluding acts of the defendant subsequent to the alleged commission of the crime which tend to show the consciousness of his guilt or are a part of the res gestae and corpus delicti of the crime charged.

II

Whether the District Court abused its discretion when it suppressed evidence of all testimony from the defendant's wife.

One of the District Court's reasons for suppressing all the testimony of the defendant's wife, was that such witness was incompetent under § 46-16-212, MCA, as it read at the time of the alleged crime.

Prior to October 1, 1991, § 46-16-212, MCA, provided as follows:

> Except with the consent of both, or in cases of criminal violence by one upon the other, abandonment or neglect of children by either party, or abandonment or neglect of one by the other, neither spouse is a competent witness for or against the other in a criminal action or proceeding to which one or both are parties.

Relative to the competency of a spouse, the statute was amended effective October 1, 1991, to read as follows:

> (1) Neither spouse may testify to the communications or conversations between spouses that occurs during their marriage unless:
> (a) consent of the defendant-spouse is obtained;
> (b) the defendant-spouse has been charged with an act of criminal violence against the other; or
> (c) the defendant-spouse has been charged with abuse, abandonment, or neglect of the other spouse or either spouse's children.
> (2) Except as provided in subsection (1), a spouse is a competent witness for or against the other spouse.

It is evident that when the alleged crime was committed, which was prior to October 1, 1991, the statute relative to the competency of a spouse to testify in criminal proceedings for or against his or her spouse, is different than the wording of the statute at the time of trial. It raises the question of whether this change in the statute is procedural or substantive. The statute is procedural. Therefore the statute in effect at the time

8

of trial governs. See Wolfe v. Webb (1992), 824 P.2d 240, 49 St.Rep. 1.

We conclude that testimony by the wife Michelle Moore, if it meets other rules of evidence, is not to be excluded on the grounds of her competency as a witness, unless it is testimony of communications and conversation between the spouses during their marriage.

## III

Whether the District Court abused its discretion when it suppressed testimony of witness Hoffman which the District Court has ordered to be under seal and therefore it will not be recited here.

The offered testimony clearly reveals Moore's possible motive. Evidence of a person's motive in the prosecution of a homicide is admissible.

We therefore conclude that the District Court was in error and abused its discretion.

We reverse the District Court and remand for further proceedings in conformance to this opinion.

_____
Justice

We Concur:

_____
Chief Justice

_____

9

Karla M. Gray

William Hunt Jr.

Jim Rice

_____
Justices

August 20, 1992

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Hon. Marc Racicot, Attorney General
Cregg Coughlin, Assistant
Justice Bldg.
Helena, MT   59620

A. Michael Salvagni
County Attorney
615 S. 16th St.
Bozeman, MT   59715

Larry Jent
Williams, Jent & Dockins
506 E. Babcock
Bozeman, MT   59715

James H. Goetz and Brian K. Gallik
Goetz, Madden & Dunn
35 N. Grand
Bozeman, MT   59715

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy