JUSTICE TRIEWEILER,
dissenting and concurring.
I dissent from this Court’s order dated April 9, 1996, in which it granted the State’s application for supervisory control, but denied the cross-petition filed on behalf of the defendant, Michael Paul Johns. The defendant’s cross-petition raised significant issues which could be dispositive of the charges against him, or at least significantly affect the outcome of his trial. Because the Court has declined to accept supervisory control to decide these issues, prolonged and expensive litigation will result which, based on representations of the parties, will substantially exhaust the life-time savings of the defendant’s family. Under these circumstances, treatment of these issues by appeal following trial is not an adequate remedy.
I concur with the majority’s decision to reverse the District Court and exclude evidentiary items (d) and (e).
I specially concur with the majority’s decision regarding evidentiary item (f) which relates to past allegations of sexual assault made by K.C. However, I do not agree that the testimony relates to sexual conduct of the victim, and therefore, do not concur with all of the majority’s discussion of that issue.
I dissent from that part of the majority opinion which would exclude that evidence referred to in paragraphs (a), (b), and (c). I *364 conclude that those acts are admissible pursuant to the transaction rule found at § 26-1-103, MCA, and that to exclude them violates constitutional rights of confrontation guaranteed by the Sixth Amendment of the United States Constitution, and Article II, Section 24, of the Montana Constitution.
In State v. Wing (1994), 264 Mont. 215, 870 P.2d 1368, defendants were charged with sexual intercourse without consent based on conduct that occurred at a party where several other persons were present. Following the acts which formed the bases for the charges against the defendants, three other persons allegedly engaged in nonconsensual sexual intercourse with the victim. At trial, the district court allowed the victim to testify about not only the acts committed by the defendants, but also those acts committed by the other three people. Defendants contended on appeal that the evidence of other acts should have been excluded because it was not related to their conduct and its probative value was outweighed by its prejudicial effect. This Court, however, held that the evidence was part of a single transaction which was admissible to explain the circumstances surrounding the charged offenses. We stated that:
The concepts embraced by the term res gestae are included within the codification of that common law doctrine in § 26-1-103, MCA, also referred to as the “transaction” rule, which provides as follows:
26-1-103. Declaration, act, or omission which is a part of the transaction. Where the declaration, act, or omission forms part of a transaction which is itself the fact in dispute or evidence of that fact, such declaration, act, or omission is evidence as part of the transaction.
Whether an act is referred to as part of the res gestae or as part of the “transaction,” that act is evidence which is part of the same litigated event.
For example, it is well established that evidence which tends to explain circumstances surrounding the charged offense is relevant, probative and competent. When the court is not dealing with the introduction of evidence of wholly independent or unrelated crimes, the evidence is properly admitted. State v. Cameron (1992), 255 Mont. 14, 20, 839 P.2d 1281, 1285. In Cameron, we also pointed out that evidence may be admissible if it is closely related to and explanatory of the offense. Cameron, 839 P.2d at 1287. See also State v. Riley (1982), 199 Mont. 413, 426, 659 P.2d 1273, 1279.
*365 To be admissible, evidence must be relevant, competent and material. These concepts of admissibility are included in Rules 401 and 402, M.R.Evid., relating to relevancy. Generally, evidence is relevant if it logically and naturally tends to establish a fact in issue. State v. Smith (1986), 220 Mont. 364, 376, 715 P.2d 1301, 1308.
[A]dmissibility is predicated on the jury’s right to hear what transgressed immediately prior and subsequent to the commission of the offense charged, so that they may evaluate the evidence in the context in which the criminal act occurred. Acts of a defendant subsequent to the alleged commission of the crime, and intertwined therewith, are highly probative. (Citation omitted.)
State v. Moore (1992), 254 Mont. 241, 246, 836 P.2d 604, 607.
We conclude that the victim’s testimonial evidence about the sexual acts committed by Gary Wing and Scott and Mike Sheehan was admissible as part of the transaction and as such, the District Court did not abuse its discretion by admitting it because such testimony was relevant according to Rule 402, M.R.Evid., which provides that “[a]ll relevant evidence is admissible.”
Wing, 264 Mont. at 224-25, 870 P.2d at 1374.
In this case, Johns admits that he engaged in sexual acts with L.A., but contends that she consented to those acts. Evidentiary items (a), (b), and (c), which relate to L.A.’s conduct immediately before and immediately after her encounter with Johns, were as probative and relevant to the issue of her consent, as was the evidence we found admissible in Wing. If the jury had a right to hear what “transgressed immediately prior and subsequent to the commission of the offense charged, so that they may evaluate the evidence in the context in which the criminal act occurred” in Wing, why is similar evidence less helpful to the jury in this case?
Because we have, in the past, held that conduct which is part of the same transaction is helpful to explain circumstances surrounding the charged offense, and therefore, relevant, probative, and competent, I conclude that arbitrarily excluding such evidence based on a legislative decision denies the defendant the right to fully and fairly confront and cross-examine his accuser in violation of the Sixth Amendment of the United States Constitution, and Article II, Section 24, of the Montana Constitution.
*366 For these reasons, I would affirm the District Court’s order which admitted that evidence pertaining to L.A.’s conduct immediately before and after her encounter with Johns. I dissent from that part of the majority opinion which holds otherwise.
JUSTICE HUNT joins in the foregoing dissent and concurrence of Justice Terry N. Trieweiler.